**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHAUN L. CHRISTENSEN,

   Plaintiff-Appellant,

v.

PARK CITY MUNICIPAL
CORPORATION, a governmental
entity,

   Defendant-Appellee,

and

RON KING, Park City Police Officer;
SHAUNA STOKES, Park City Code
Enforcement Officer; WAYNE
YOUNG, Park City Police Officer,

   Defendants.

No. 11-4075
(D.C. No. 2:06-CV-00202-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Shaun L. Christensen brought a 42 U.S.C. § 1983 civil rights action alleging his constitutional rights were violated when he was arrested for displaying and selling his artwork in violation of two Park City, Utah ordinances that prohibited unlicensed outdoor business activity on public property. The district court dismissed Mr. Christensen's Fourteenth Amendment Equal Protection clause claim as a matter of law. A jury determined that Park City violated Mr. Christensen's First and Fourth Amendment constitutional rights and awarded him nominal damages of $1.00. Proceeding pro se on appeal, Mr. Christensen challenges the dismissal of his Equal Protection Clause claim and the damage award on his First and Fourth Amendment claims. We affirm.

BACKGROUND

In January 2004, Mr. Christensen, a visual artist, was displaying and offering for sale his original artwork at a Park City public park. A Park City code enforcement officer asked him if he had a business license to sell his items in a public park. Mr. Christensen replied that he had a constitutional right to sell his art. Later that day, two Park City police officers informed Mr. Christensen that the sale of his art in a public park violated provisions of the Park City Municipal Code. Mr. Christensen refused to stop, again asserting that he had a constitutional right to display and sell his artwork on government property, and asked to be given a citation. The Park City officers then arrested and jailed him.

Mr. Christensen was charged with violation of two Park City municipal ordinances then in effect (since amended): Section 4–2–1 (conducting business without a license) and Section 4–3–2 (conducting business outside of a "fully enclosed business" without a license) (the Ordinances). *See* R., Vol. 2, at 611.[1] Park City later dismissed these charges.

Mr. Christensen, represented by counsel, filed a § 1983 action against the city of Park City, the Park City code enforcement officer and the two arresting officers. He claimed defendants violated his rights under the First Amendment, the Fourth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. The district court initially dismissed his complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. On appeal, this court affirmed the dismissal of all claims against the individual defendants on qualified immunity grounds, but reversed the dismissal of the remaining claims. *See Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1278, 1279-81 (10th Cir. 2009). We ruled that Mr. Christensen's complaint sufficiently stated a municipal liability claim against Park City that the Ordinances were unconstitutional as applied, *id.* at

---

[1]     Park City Ordinance § 4-2-1 forbade "any person to engage in business within Park City, whether on a temporary or permanent basis, without first procuring" a business license. R., Vol. 2, at 608. Park City Ordinance § 4-3-2 confined all "businesses" in Park City to "within a fully enclosed building, except for outdoor dining . . . ." *Id.* at 609.

1279, 1280, and remanded so the district court could reach the constitutional merits, *id*. at 1280.

A four-day trial on Mr. Christensen's claims was held in March 2011. At the conclusion, Park City moved for judgment as a matter of law under Fed. R. Civ. P. 50. The district court granted the motion in part, dismissing Mr. Christensen's Equal Protection Clause claim, but denied it as to his First and Fourth Amendment claims. The jury found that Park City violated Mr. Christensen's First and Fourth Amendment rights and awarded him nominal damages of $1.00. Mr. Christensen, now appearing pro se, appeals.

## DISCUSSION

A. *Dismissal of Equal Protection Claim*. In its dismissal, the district court ruled that Mr. Christensen only asserted that the Ordinances were unconstitutional as applied to him but failed to present any evidence at trial that the Ordinances were in fact applied or administered in an unequal manner. It therefore ruled that there was no legally sufficient basis for his Equal Protection Clause claim.

Mr. Christensen asserts on appeal that the district court based its dismissal on incorrect principles of law. We review de novo a district court's grant of a motion for judgment as a matter of law under Rule 50(a). *Henry v. Storey*, 658 F.3d 1235, 1237 (10th Cir. 2011). Judgment as a matter of law "is appropriate if, after a party has presented its evidence, the court finds that a

reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Id*. at 1237-38. (quotation omitted).

The Equal Protection Clause "seeks to ensure that any classifications the law makes are made without respect to persons, that like cases are treated alike, that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." *SECSYS, LLC v. Vigil*, 666 F.3d 678, ___, 2012 WL 171876, at *2 (10th Cir. 2012) (quotations omitted). In analyzing an Equal Protection Clause claim, "we first ask whether the challenged state action intentionally discriminates between groups of persons." *Id*. at *3. "Second, and after an act of intentional discrimination against a particular group is identified either by presumption or evidence and inference, courts ask whether the state's intentional decision to discriminate can be justified by reference to some upright government purpose." *Id*. at *4. "Unless a legislative classification or distinction burdens a fundamental right or targets a suspect class, courts will uphold it if it is rationally related to a legitimate end." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998). Under rational basis review, the burden is on the challenger to show there is no rational basis for the classification; the state need not articulate the rationale supporting its classification or produce evidence to sustain its rationality. *See Heller v. Doe by Doe*, 509 U.S. 312, 319-320 (1993).

Mr. Christensen contends the district court erroneously applied *United States v. O'Brien*, 391 U.S. 367 (1968) in dismissing his Equal Protection Clause claim. He is mistaken. *O'Brien* articulated a four-factor test for analyzing whether a law restricting speech violates the First Amendment, *id.* at 377, and has no application to Mr. Christensen's Equal Protection Clause claim. We find nothing in the record to suggest the district court based its dismissal of that claim on *O'Brien*. Mr. Christensen devotes much of his Opening Brief to discussions of numerous First Amendment claim cases. He theorizes that the jury's favorable verdict on his First Amendment claim suggests he would have succeeded on his Equal Protection claim, asserting the latter was based upon the former. But an Equal Protection Clause claim is legally distinct from a First Amendment claim and Mr. Christensen's theory has no legal merit.

Mr. Christensen also contends the district court failed to address his argument that Park City discriminates among speakers by permitting civic, political, and religious organizations to sell items in a public park without a license, but does not allow artists to do so. He cites to a section of the Park City Municipal Code, § 4-3-16(C), that exempted from § 4-2-1's licensing requirements local civic organizations, such as Boy Scouts, Girl Scouts, historic preservation groups, schools, museums, not-for-profit organizations, and other charities. *See e.g.*, Opening Br. at 7, 14-15, 21.

The district court found, however, that Mr. Christensen failed to properly present this argument. Prior to trial, he repeatedly stated that he was only challenging the two Ordinances for which he was arrested, §§ 4-2-1 and 4-3-2, and that he was only making an as-applied challenge to the constitutionality of these two Ordinances. *See* R., Vol. 2, at 125, 359. During his opening argument, his counsel appeared to assert the Ordinances were unconstitutional on their face when considered along with the § 4-3-16(C) exemption. But the district court ruled this theory was untimely because Mr. Christensen's position prior to trial had been that he was only asserting an as-applied challenge to the two Ordinances. Mr. Christensen does not contend on appeal that the district court erred in this ruling.

We agree with the district court that Mr. Christensen waived any argument that the Ordinances were facially unconstitutional either by themselves or in concert with § 4-3-16(C). Mr. Christensen stated in response to Park City's summary judgment motion that he was bringing his litigation as an applied challenge only to §§ 4-2-1 and 4-3-2 and he emphasized, "To be clear this case is an "As-Applied" challenge." R., Vol. 2, at 125. Mr. Christensen further stated that he conceded that the Ordinances were not unconstitutional on their face. *Id*. In his trial brief's summary of claims, Mr. Christensen stated that he was challenging "the constitutionality of the [O]rdinances under which Park City arrested [him], as they were applied to him." *Id*. at 359.

The district court dismissed the Equal Protection Clause claim because, as an evidentiary matter, Mr. Christensen did not present any evidence that the Ordinances were applied or administered in an unequal manner. On appeal, Mr. Christensen does not point to any evidence at trial demonstrating that the Ordinances were applied or administered in any unequal manner, nor does he contend that the district court overlooked any such evidence. Further, based on our de novo review of the record, including the trial transcripts, we agree with the district court that a reasonable jury would not have had a legally sufficient evidentiary basis to find that Park City violated Mr. Christensen's equal protection rights.

Mr. Christensen failed to present any evidence that Park City intentionally treated him differently from others similarly situated without a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The only evidence of unequal treatment that Mr. Christensen presented was the § 4-3-16(C) exemption. As noted, he waived any facial challenge to that exemption as a basis for his Equal Protection Clause claim prior to trial. Moreover, Mr. Christensen failed to present any argument or evidence that there is no rational basis for the § 4-3-16(C) exemption, which was his burden to demonstrate. *See Heller*, 509 U.S. at 320. In this regard, we note that Mr. Christensen never argued before the district court – and does not argue now – that the Ordinances were subject to a strict scrutiny review.

Thus, we affirm the district court's dismissal of Mr. Christensen's Fourteenth Amendment Equal Protection Clause claim. Mr. Christensen's related arguments that the jury should have been instructed on the Equal Protection Clause claim and that he is entitled to damages on his Equal Protection Clause claim are, accordingly, moot.

B. *First and Fourth Amendment Claims*. Mr. Christensen next contends that the district court "used the wrong principles of law when instructing the [j]ury with regards to damage assessment" on his First and Fourth Amendment claims. Opening Br. at 41. Mr. Christensen does not identify any particular instruction he believes to be in error. He simply speculates that one can "assume" the district court used wrong principles of law when instructing the jury as to the damage assessment. *Id*. at 40.

This argument is without merit. First, Mr. Christensen's counsel stipulated to all of the jury instructions, including the instructions as to his First and Fourth Amendment claims and as to how to assess damages, *see* R., Vol. 2 at 540, 546-49, and otherwise failed to object to the instructions at trial. Thus, Mr. Christensen has waived any argument as to any of the jury instructions on appeal, other than for plain error, which is not present here. *See* Fed. R. Civ. P. 51. Moreover, given that Mr. Christensen succeeded on his First Amendment claim, any substantive instructional error claim is moot. Finally, if Mr. Christensen is intending to argue on appeal that the amount of the damages

-9-

awarded by the jury was somehow not supported by the evidence, we are satisfied that competent record evidence supports the jury's verdict. *See Cont'l Cas. Co. v. Sw. Bell Tel. Co.*, 860 F.2d 970, 972-73 (10th Cir. 1988) ("The amount of damages awarded by the jury can be supported by any competent evidence tending to sustain it, and our appellate function is completed when we are convinced that an evidentiary basis in the record supports the jury's verdict.") (quotations and brackets omitted).

Appellee's Motion to Dismiss the Appeal is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge